07CR 813

MAGISTRATE JUDGE VALDEZ

E-FILED
Friday, 14 December, 2007 12:10:47 PM
Clerk, U.S. District Court, ILCD

CDIL PROB 22
(Rev. 4/97)

# TRANSFER OF JURISDICTION

DOCKET NUMBER (Tran. Court)
01-10030-002

JUDGE HIBBLER

DOCKET NUMBER (Rec. Court)

| NAME AND ADDRESS OF SUPERVISED RELEASEE: | DISTRICT: | DIVISION |
|---|---|---|
| MAURICE LOVE | CENTRAL DISTRICT OF ILLINOIS | PEORIA |

FILED DEC 18 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED DEC 1 4 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NAME OF SENTENCING JUDGE
HONORABLE JOE BILLY McDADE

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM 07/16/07 | TO 07/15/12 |
|---|---|---|

OFFENSE

POSSESSION OF A FIREARM IN CONNECTION WITH A DRUG TRAFFICKING OFFENSE
18 U.S.C. § 924(c)

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
BY [signature]
DEPUTY CLERK
U.S. DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
DATE: DEC 11 2007

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605, the jurisdiction of the supervised releasee named above be transferred with the records of the Court to the U.S. District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of supervised release may be changed by the U.S. District Court to which this transfer is made without further inquiry of this Court.*

11/2/2007
Date

s/ Joe B. McDade
HONORABLE JOE BILLY McDADE
U.S. District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named supervised releasee be accepted and assumed by this Court from and after the entry of this order.

DEC - 4 2007
Effective Date

s/ U.S. District Judge
United States District Judge

RECEIVED
DEC 5 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JMC:cdb

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS

312-435-5698

December 10, 2007

United States District Court
Central District of Illinois
Office of the Clerk
309 Federal Bldg
100 N.E. Monroe Street
Peoria, IL 61601

**FILED**
DEC 1 4 2007
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Dear Clerk:

**Re:　01-10030-002 - USA v. Maurice Love - Judge Joe Billy McDade**

Our Case Number:　07 CR 813 - Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by: _____
Marsha E. Glenn
Deputy Clerk

Enclosure



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JOHN M. WATERS
CLERK OF COURT

OFFICE OF THE CLERK
US COURTHOUSE
100 NE MONROE
309 FEDERAL BLDG.
PEORIA, IL. 61602

TEL: 309-671-7117

07CR 813

**RECEIVED**

DEC 1 8 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

December 14, 2007

In Re: USA vs Maurice Love
01-10030-02

Dear Mr. Dobbins:

On **11/2/7**, an order by the Honorable Joe B. McDade, US District Judge, finalized the transfer of jurisdiction of the above-mentioned case from the Central District of Illinois to the Northern District of Illinois.

Enclosed is a certified copy of the docket sheet, judgment & commitment, indictment and financial records. Please acknowledge receipt of this transfer of jurisdiction by returning a copy of this letter.

Very truly yours,
JOHN M. WATERS, CLERK

By s/ H. Kallister
Deputy Clerk

**RECEIPTED ACKNOWLEDGED ON:** _____

**BY :** _____

**FILED**
DEC 1 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

cc: parties

CLOSED

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
### CRIMINAL DOCKET FOR CASE #: 1:01-cr-10030-JBM All Defendants
#### Internal Use Only

Case title: USA v. Drape, et al

Date Filed: 05/17/2001
Date Terminated: 05/05/2004

Assigned to: Chief Judge Joe Billy McDade

**Defendant (1)**

**Damion Drape**
*TERMINATED: 05/05/2004*

represented by **Hugh F Toner, III**
1216 SW Adams St
Peoria, IL 61602
309-671-4844
Fax: 309-672-5819
Email: tonerlawoffice@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:924C.F VIOLENT CRIME/DRUGS/MACHINE GUN. On or about 3/28/01, Dft during and in relation to a drug trafficking crime, namely possession of heroin with intent to distribute as charged in Count 1, knowingly used, carried and discharged a firearm, namely a Smith & Wesson, Model 60, .38 caliber revolver, Serial Number R199165, in furtherance of the drug trafficking crime, in violation of 18:924(c) and Section 2
(3)

**Disposition**

Dft committed to custody of the BOP for 10 years on Count 3; upon release, Dft placed on supervised release for 5 years with special conditions; no fine; $100 special assessment due immediately

A TRUE COPY
ATTEST
JOHN M. WATERS, CLERK
BY: H. Kallistir
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE 12/14/7

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

21:841A=CD.F CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE On or about March 28, 2001 defendants herein, did knowingly and intentionally posess heroin, a Schedule ! controlled substance with intent to distribute, in violation of 21USC841(a)(1) and 841(B)(1)(C)
(1)

18:922N.F TRANSPORT FIREARMS INTERSTATE BY FELON On or about 3/28/01 the Dft did knowingly possess a firearm which had previously traveled in interstate commerce, to wit: a Smith & Wesson, Model 60 .38 caliber revolver, Serial Number R199165, the Dft having previously convicted under the laws of the State of Illinois of a crime punishable by imprisonment for aterm exceeding one year in

**Disposition**

Counts 1 and 4 dismissed on motion of the Government

Counts 1 and 4 dismissed on motion of the Government

violation of 18:922(g)
(4)

#### Highest Offense Level (Terminated)

Felony

#### Complaints

None

#### Disposition

---

Assigned to: Chief Judge Joe Billy McDade

#### Defendant (2)

**Maurice Love**
*TERMINATED: 05/05/2004*

represented by **George F Taseff**
FEDERAL PUBLIC DEFENDER
Suite 1500
401 Main St
Peoria, IL 61602
309-671-7891
Fax: 309-671-7891
Email: George_Taseff@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

#### Pending Counts

18:924C.F VIOLENT CRIME/DRUGS/MACHINE GUN On or about 3/28/01 Dft, during and in relation to a drug trafficking crime, namely possession of heroin with intent to distribute as charges in Count 1, knowingly possessed a firearm, namely a Smith & Wesson Model 60, .38 caliber revolver, Serial Number R199165 in furtherance of a drug trafficking crime, in violation of 18USC924(c) and Section 2
(2)

#### Disposition

Dft committed to custody of the BOP for 84 months; upon release, Dft placed on supervised release for 5 years with special conditions; no fine; $100 special assessment due immediately.

#### Highest Offense Level (Opening)

Felony

#### Terminated Counts

21:841A=CD.F CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE On or about March 28, 2001 defendants herein, did knowingly and intentionally posess heroin,a Schedule ! controlled substance with intent to distribute, in violation of 21USC841(a)(1) and 841(B)(1)(C)
(1)

#### Disposition

Count 1 dismissed on motion of the Government

#### Highest Offense Level (Terminated)

Felony

#### Complaints

None

#### Disposition

**Plaintiff**

USA            represented by **Bradley W Murphy**
US ATTY
One Technology Plaza
Suite 400
211 Fulton St
Peoria, IL 61602
309-671-7050
Fax: 309-671-7259
Email: brad.murphy@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/17/2001 | 1 | INDICTMENT by USA Bradley W Murphy. Counts filed against Damion Drape (1) count(s) 1, 3, 4, Maurice Love (2) count(s) 1, 2 (CL, ilcd) (Entered: 05/17/2001) |
| 05/17/2001 | 2 | ARREST Warrant issued for Maurice Love by Mag. Judge John A. Gorman (CL, ilcd) (Entered: 05/17/2001) |
| 05/17/2001 | 3 | ARREST Warrant issued for Damion Drape by Mag. Judge John A. Gorman (CL, ilcd) (Entered: 05/17/2001) |
| 06/01/2001 | | MINUTES: before Mag. Judge John A. Gorman Parties present in open court by AUSA Murphy/Dft Maurice Love for Initial appearance on 6/1/01. Dft advised of charges against him and of consequences if found guilty. Dft advised of right to hire counsel or have counsel appointed if he qualifies. Dft testified as to financial status to hire counsel. Dft found indigent; AFPD appointed. First appearance of Maurice Love with Attorney George F Taseff present. Dft acknowledges receipt of copy of Indictment and waives having same read in open court. Dft Maurice Love arraigned; NOT GUILTY plea entered. Hearing on pending motions/ pretrial conference set Thurs., 7/5/01 at 2:30 PM and jury trial set Mon., 7/23/01 at 9:00 AM (both in person in Peoria before Chief Judge Joe B McDade). Scheduling Order entered. Govt recommends detention; detention hearing set Tues., 6/5/01 at 2:00 PM (before Mag Judge John A. Gorman - Courtroom C). Temprary Order of Detention entered. Dft remanded to custody of the US Marshal. Section 4 of Pretrial Services Report to be provided to counsel. (cc: all counsel/US Mar/Prob) (SH, ilcd) (Entered: 06/04/2001) |
| 06/01/2001 | 4 | SCHEDULING ORDER by Mag. Judge John A. Gorman (cc: all counsel) (SH, ilcd) (Entered: 06/04/2001) |
| 06/01/2001 | 5 | ORDER of Temporary Detention of Maurice Love pending hearing by Mag. Judge John A. Gorman (cc: all counsel). (SH, ilcd) (Entered: 06/04/2001) |
| 06/05/2001 | | MINUTES: before Mag. Judge John A. Gorman. Case set for initial appearance/ arraignment at 9:30 on Thursday, 6/7/01 for dft DAMION DRAPE in person in Peoria (Courtroom C). (cc: all counsel/Prob/USM Peo) (KB, ilcd) (Entered: 06/05/2001) |
| 06/05/2001 | | MINUTES:before Mag. Judge John A. Gorman. AUSA Murphy & FPD Taseff present in open court with Maurice Love for Detention hearing. Same held 6/5/01. Detention hearing waived & Dft will raise the issue at a later date. Section 4 to parties. Dft Maurice Love is detained & is remanded to the custody of US Mar. (cc: all counsel/US Mar/Prob) (HK, ilcd) (Entered: 06/05/2001) |
| 06/05/2001 | 6 | ORDER of Detention of Maurice Love pending trial by Mag. Judge John A. Gorman (cc: all counsel). (HK, ilcd) (Entered: 06/05/2001) |
| 06/07/2001 | 7 | Arrest Warrant returned executed as to Maurice Love 5/30/01 (HK, ilcd) (Entered: 06/07/2001) |
| 06/07/2001 | | MINUTES: before Mag. Judge John A. Gorman. AUSA Murphy & Damion Drape present in open court for arraignment. Same held 6/7/01. Court finds Dft indigent & Hugh Toner is now present as CJA counsel & is appointed. First appearance of Damion Drape with Attorney Hugh F Toner III present. Dft Damion Drape arraigned; not guilty plea entered. Dft agrees to detention & section 4 to counsel. Case set for Hearing on Pending Motions/Pretrial conference set on 7/5/01 at 2:30 and for Jury Trial on 7/23/01 at 9:00am ; both before Chief Judge McDade. Damion Drape is ordered detained & remanded to custody of US Mar. (cc: all counsel/US Mar/Prob/Crt Rptr) (HK, ilcd) (Entered: 06/07/2001) |

| Date | # | Description |
|---|---|---|
| 06/07/2001 | 8 | ORDER of Detention of Damion Drape pending trial by Mag. Judge John A. Gorman (cc: all counsel). (HK, ilcd) (Entered: 06/07/2001) |
| 06/07/2001 | 9 | SCHEDULING ORDER in a criminal case re: DAMION DRAPE by Mag. Judge John A. Gorman (cc: all counsel) (HK, ilcd) (Entered: 06/07/2001) |
| 06/07/2001 | 10 | CJA Form 20 Copy 4 (Appointment of Counsel) appointing Hugh Toner for Damion Drape (HK, ilcd) (Entered: 06/07/2001) |
| 06/14/2001 | 11 | Arrest Warrant returned executed as to Damion Drape 5/29/01 (HK, ilcd) (Entered: 06/14/2001) |
| 06/15/2001 | 12 | RULE 40 Documents received from Northern District of Illinois as to Damion Drape (HK, ilcd) (Entered: 06/15/2001) |
| 07/02/2001 | 13 | MOTION to produce law enforcement interview reports or notes with individuals who will not be witnesses at trial and memroandum of law in support thereof by Damion Drape (SH, ilcd) (Entered: 07/02/2001) |
| 07/02/2001 | 14 | MOTION to inspect grand jury minutes by Damion Drape (SH, ilcd) (Entered: 07/02/2001) |
| 07/02/2001 | 15 | MOTION for discovery by Damion Drape (SH, ilcd) (Entered: 07/02/2001) |
| 07/02/2001 | 16 | APPEARANCE of Attorney for Damion Drape by Hugh F. Toner, III (SH, ilcd) (Entered: 07/02/2001) |
| 07/02/2001 | 17 | MOTION to continue (trial date) by Damion Drape (SH, ilcd) (Entered: 07/02/2001) |
| 07/02/2001 | 18 | MOTION to sever by Damion Drape (SH, ilcd) (Entered: 07/02/2001) |
| 07/05/2001 | | MINUTES: before Chief Judge Joe B. McDade Parties present in open court by AUSA Chambers for Murphy/Atty Toner with Dft Drape and AFPD Taseff with Dft Love for pretrial conference on 7/5/01. Same not held. Oral motion by parties to continue for 60 days to complete discovery. Court sets status hearing on Thurs., 8/16/01 at 2:00 PM (in person in Peoria). Jury trial previously set 7/23/01 is VACATED. Court finds time from today to 8/16/01 is EXCLUDABLE pursuant to the Speedy Trial Act. All motions remain pending at this time. Dfts remanded to custody of the US Marshal. (cc: all counsel/US Mar/Prob/Crt Rptr) (SH, ilcd) (Entered: 07/06/2001) |
| 08/15/2001 | <u>19</u> | (SEALED) MOTION for order by Damion Drape (HK, ilcd) Additional attachment(s) added on 4/17/2007 (TK, ilcd). (Entered: 08/17/2001) |
| 08/16/2001 | | MINUTES: before Chief Judge Joe B. McDade granting ex parte motion for order [19-1]. Motion allowed upon finding that services of firearms discharge expert is necessary. Compensation up to $1,000.00 statutory maximum is authorized. (cc:Atty Toner) (HK, ilcd) (Entered: 08/17/2001) |
| 08/16/2001 | | MINUTES: before Chief Judge Joe B. McDade. AUSA Murphy, Atty Toner present with Damion Drape and FPD with Maurice Love for status hearing. Same held 8/16/01. Case set for Hearing on Pending Motions/Pre-Trial Conf on 10/11/01 at 1:15 pm; in person and for Jury Trial on Monday, 11/5/01 at 9:00am; in person. Time between today & new trial date of 11/5/01 is excludable to meets the ends of justice. (cc: all counsel/US Mar/Prob/Crt Rptr) (HK, ilcd) (Entered: 08/17/2001) |
| 10/11/2001 | | MINUTES: before Chief Judge Joe B. McDade. Parties present in open court by AUSA Murphy/Atty Toner with Dft Damion Drape/AFPD Taseff with Dft Maurice Love for pretrial conference on 10/11/01. Same not held. Parties request time for change of plea on both defendants. Change of pleas set Thurs., 11/15/01 at 1:30 PM (in person in Peoria). Jury trial previously set 11/5/01 is VACATED. Dfts remanded to custody. (cc: all counsel/US Mar/Prob/Crt Rptr) (SH, ilcd) (Entered: 10/11/2001) |
| 11/15/2001 | | MINUTES: before Chief Judge Joe B. McDade Re: Dft DAMION DRAPE - change of plea set 11/15/01 vacated and change of plea reset to Mon., 11/19/01 at 2:45 PM (in person in Peoria). (cc: all counsel/US Mar/Prob/Crt Rptr) (SH, ilcd) (Entered: 11/15/2001) |
| 11/15/2001 | | MINUTES: before Chief Judge Joe B. McDade. Parties present in open court by AUSA Murphy/AFPD Taseff with Dft Maurice Love for change of plea on 11/15/01. Written Plea Agreement filed. Dft sworn and answers questions presented by Court and Court finds Dft competent to proceed. Court advises Dft of consequences if found guilty and of constitutional right to a jury trial. AUSA makes factual basis. Statement made by Dft re: what actually occurred. Court permits Dft to withdraw plea of not guilty and Maurice Love enters guilty plea to Count 2. Court accepts plea and judgment of conviction entered. Court neither accepts nor rejects plea agreement and matter referred to USPO for PSR. Decision on Agreement/Possible sentencing hearing set Fri., 3/8/02 at 1:30 PM. Order on Implementation of Guidelines entered. Dft remanded to custody of the US Marshal. (cc: all counsel/US Mar/Prob/Crt Rptr) |

| | | |
|---|---|---|
| | | (SH, ilcd) (Entered: 11/15/2001) |
| 11/15/2001 | 20 | ORDER on Implementation of Guidelines by Chief Judge Joe B. McDade (cc: all counsel) (SH, ilcd) (Entered: 11/16/2001) |
| 11/15/2001 | 21 | PLEA Agreement as to Maurice Love (SH, ilcd) (Entered: 11/16/2001) |
| 11/19/2001 | | MINUTES: before Chief Judge Joe B. McDade. Parties present in open court by AUSA Murphy/Atty Toner with Dft Damion Drape for change of plea on 11/19/01 . Written Plea Agreement filed. Dft sworn and answers questions presented by Court and Court finds Dft competent to proceed. Court advises Dft of consequences if found guilty and of constitutional right to jury trial. Statement by Dft re: what actually occurred. AUSA makes factual basis. Court permits Dft to withdraw plea of not guilty and Damion Drape enters guilty plea to Count 3. Court accepts plea and judgment of conviction entered. Court neither accepts nor rejects plea agreement and matter referred to USPO for PSR. Decision on Agreement/Possible sentencing hearing set Fri., 3/8/02 at 1:30 PM . Order on Implementation of Guidelines entered. Dft remanded to custody of the US Marshal. (cc: all counsel/US Mar/Prob/Crt Rptr/Finance) (SH, ilcd) (Entered: 11/19/2001) |
| 11/19/2001 | 22 | PLEA Agreement as to Damion Drape (SH, ilcd) (Entered: 11/19/2001) |
| 11/19/2001 | 23 | ORDER on Implementation of Guidelines by Chief Judge Joe B. McDade (cc: all counsel) (SH, ilcd) (Entered: 11/19/2001) |
| 12/12/2001 | | MINUTES: before Chief Judge Joe B. McDade. Decision on Agreement & Possible Sentencing hearing re: Maurice Love & Damion Drape set 3/8/02 is vacated & reset to Friday, 3/15/02 at 1:30pm; in person. (cc: all counsel/US Mar/Prob/Crt Rptr) (HK, ilcd) (Entered: 12/12/2001) |
| 12/14/2001 | | MINUTES: before Chief Judge Joe B. McDade. Decision on Agreement/Possible Sentencing previously set 3/15/02 is VACATED and Decision on Agreement/Possible sentencing hearing reset to Fri., 3/8/02 at 9:15 AM as to Dfts Maurice Love and Damion Drape. (cc: all counsel/US Mar/Prob/Crt Rptr) (SH, ilcd) (Entered: 12/14/2001) |
| 02/28/2002 | 24 | MOTION to continue sentencing hearing by Maurice Love (HK, ilcd) (Entered: 02/28/2002) |
| 03/01/2002 | | MINUTES: before Chief Judge Joe B. McDade granting motion of Maurice Love to continue sentencing hearing [24-1]. Sentencing hearing for Dft Maurice Love ONLY reset to Fri., 7/19/02 at 10:00 AM. Codefendant Damion Drape remains set for sentencing on 3/8/02. (cc: all counsel/US Mar/Prob/Crt Rptr) (SH, ilcd) (Entered: 03/01/2002) |
| 03/08/2002 | | MINUTES: before Chief Judge Joe B. McDade. Decision on Agreement/Possible sentencing previously set 3/8/02 is VACATED and Decision on Agreement/Possible sentencing hearing reset to Wed., 3/13/02 at 2:15 PM (in person in Peoria). (cc: all counsel/US Mar/Prob/Crt Rptr) (SH, ilcd) (Entered: 03/08/2002) |
| 03/13/2002 | | MINUTES: before Chief Judge Joe B. McDade. Parties present in open court by AUSA Murphy/Atty Toner with Dft Damion Drape for sentencing hearing on 3/13/02 . Presentence report discussed. No objections, and court adopts factual findings of PSR. Govt makes recommendation. Dft makes statement in mitigation of punishment. SENTENCING Damion Drape (1) count(s) 3. Dft committed to custody of the BOP for 10 years on Count 3; upon release, Dft placed on supervised release for 5 years with special conditions; no fine; $100 special assessment due immediately . On motion of the Govt, court is dismissing counts as to Damion Drape Damion Drape (1) count(s) 1, 4 . Counts 1 and 4 dismissed on motion of the Government . Dft advised of right to appeal. Dft remanded to custody of the US Marshal. (cc: all counsel/US Mar/Prob/Crt Rptr) (SH, ilcd) (Entered: 03/14/2002) |
| 03/13/2002 | 26 | SENTENCING recommendation (original sealed) as to defendant Damion Drape (SH, ilcd) (Entered: 03/14/2002) |
| 03/14/2002 | 25 | PRESENTENCE Report on Damion Drape ( original sealed ) (SH, ilcd) (Entered: 03/14/2002) |
| 03/15/2002 | 27 | JUDGMENT and Commitment Order as to defendant Damion Drape by Chief Judge Joe B. McDade (SH, ilcd) (Entered: 03/15/2002) |
| 03/15/2002 | 28 | STATEMENT of Reason for Imposing Sentence (Sealed) as to defendant Damion Drape by Chief Judge Joe B. McDade (SH, ilcd) (Entered: 03/15/2002) |
| 03/21/2002 | 29 | AMENDED JUDGMENT and Commitment Order as to defendant Damion Drape by Chief Judge Joe B. McDade (changing US Mar Number) (HK, ilcd) (Entered: 03/22/2002) |
| 04/16/2002 | 30 | JUDGMENT and Commitment returned executed 4/12/02 as to Damion Drape (1) count(s) 3 to FCI, |

| | | |
|---|---|---|
| | | Pekin, IL. (HK, ilcd) (Entered: 04/16/2002) |
| 04/16/2002 | 31 | AMENDED JUDGMENT and Commitment returned executed 4/12/02 as to Damion Drape (1) count(s) 3 to FCI, Pekin, IL. (HK, ilcd) (Entered: 04/16/2002) |
| 06/04/2002 | 32 | RECEIPT for PSR-#25/Sent Reco-#26/Statement of Reasons-#28 as to defendant Damion Drape as returned to US PO by Clerk (HK, ilcd) (Entered: 06/04/2002) |
| 07/03/2002 | | MINUTES: before Chief Judge Joe B. McDade. Sentencing hearing previously set re dft Maurice Love on Fri 7/19/02, at 10:00 am is cancelled and sentencing hearing is reset to Mon 7/15/02, at 10:30 am in person in Peoria. (cc: all counsel/Prob/US Mar/Crt Rptr) (ML, ilcd) (Entered: 07/03/2002) |
| 07/15/2002 | | MINUTES: before Chief Judge Joe B. McDade. Parties present in open court by AUSA Murphy/AFPD Taseff with Dft Maurice Love for sentencing hearing on 7/15/02 . Presentence report discussed. Objections withdawn. Court adopts factual findings of PSR. Govt makes recommendation. Dft makes statement in allocution. SENTENCING Maurice Love (2) count(s) 2. Dft committed to custody of the BOP for 84 months; upon release, Dft placed on supervised release for 5 years with special conditions; no fine; $100 special assessment due immediately. Oral motion by Govt to dismiss Count 1 - allowed. Dft waived right to appeal. Dft remanded to custody of the US Marshal. Case terminated . (cc: all counsel/US Mar/Prob) (SH, ilcd) (Entered: 07/15/2002) |
| 07/15/2002 | 33 | PRESENTENCE Report on Maurice Love ( original sealed ) (SH, ilcd) (Entered: 07/15/2002) |
| 07/15/2002 | 34 | SENTENCING recommendation (original sealed) as to defendant Maurice Love (SH, ilcd) (Entered: 07/15/2002) |
| 07/15/2002 | 35 | STATEMENT of Reason for Imposing Sentence (Sealed) as to defendant Maurice Love by Chief Judge Joe B. McDade (SH, ilcd) (Entered: 07/15/2002) |
| 07/16/2002 | 36 | JUDGMENT and Commitment Order as to defendant Maurice Love by Chief Judge Joe B. McDade (SH, ilcd) (Entered: 07/17/2002) |
| 08/23/2002 | 37 | JUDGMENT and Commitment returned executed 8/8/02 as to Maurice Love (2) count(s) 2 - at USMCFP at Springfield, MO (ML, ilcd) (Entered: 08/23/2002) |
| 08/27/2002 | 38 | RECEIPT for pre-sentence report [33-1], sentencing recommendation [34-1] and statement of reasons [35-1] as to defendant Maurice Love returned to US Probation office on 8/9/02 (WW, ilcd) (Entered: 08/29/2002) |
| 07/10/2007 | 39 | TRANSCRIPT of Sentencing Hearing as to Damion Drape held on March 13, 2002 before Judge Joe B. McDade. Court Reporter: CE. (Placed in file.) (KB, ilcd) (Entered: 07/10/2007) |
| 11/02/2007 | 40 | Probation Jurisdiction Transferred to NDIL as to Maurice Love Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet & finance documents. (HK, ilcd) (Entered: 12/14/2007) |

SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

AT PEORIA

**FILED**

MAY 17 2001

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAMION DRAPE and )<br>MAURICE LOVE, )<br>)<br>Defendants. ) | Criminal No. **01-10030**<br><br>VIO: 21 U.S.C. §§841(a)(1) and<br>841(b)(1)(C); 18 U.S.C. §§924(c)<br>and 922(g) |

## INDICTMENT

The Grand Jury charges:

### Count 1

On or about March 28, 2001, in Peoria County, within the Central District of Illinois,

**DAMION DRAPE**

**and**

**MAURICE LOVE,**

the defendants herein, did knowingly and intentionally possess heroin, a Schedule I controlled substance, with intent to distribute.

In violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C).

### Count 2

On or about March 28, 2001, in Peoria County, within the Central District of Illinois,

**MAURICE LOVE,**

the defendant herein, during and in relation to a drug trafficking crime, namely possession of heroin with intent to distribute as charged in Count 1 of this Indictment, knowingly possessed a firearm, namely a Smith & Wesson, Model 60, .38 caliber revolver, Serial Number R199165, in furtherance of the drug trafficking crime.

In violation of Title 18, United States Code, Section 924(c) and Section 2.

### Count 3

On or about March 28, 2001, in Peoria County, within the Central District of Illinois,

**DAMION DRAPE,**

the defendant herein, during and in relation to a drug trafficking crime, namely possession of heroin with intent to distribute as charged in Count 1 of this Indictment, knowingly used, carried and discharged a firearm, namely a Smith & Wesson, Model 60, .38 caliber revolver, Serial Number R199165, in furtherance of the drug trafficking crime.

In violation of Title 18, United States Code, Section 924(c) and Section 2.

### Count 4

On or about March 28, 2001, in Peoria County, within the Central District of Illinois,

**DAMION DRAPE,**

the defendant herein, did knowingly possess a firearm which had previously traveled in interstate

2

commerce, to wit: a Smith & Wesson, Model 60, .38 caliber revolver, Serial Number R199165, the defendant having been previously convicted under the laws of the State of Illinois of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Section 922(g).

FRANCES C. HULIN
UNITED STATES ATTORNEY

BWM/ksr

AO 245B8 (Rev. 8/01) Judgment in a Criminal Case (CDIL)
Sheet 1

# UNITED STATES DISTRICT COURT

__Central__ District of __Illinois__



JUL 1 6 2002

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | (For Offenses Committed On or After November 1, 1987) |
| **Maurice Love** | Case Number: **01-10030-002** |
| | George F. Taseff |
| | Defendant's Attorney |

**THE DEFENDANT:**

[X] pleaded guilty to count(s)  2

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 USC § 924(c) | Possession of a Firearm in Connection with a Drug Trafficking Offense | 03/28/2001 | 2 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[X] Count(s) 1   [X] is   [ ] are   dismissed on the motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

July 15, 2002
Date of Imposition of Judgment

*Joe B. McDade* (signature)
Signature of Judicial Officer

Joe B. McDade
Chief U. S. District Judge
Name and Title of Judicial Officer

7/16/02
Date

DEFENDANT: Maurice Love
CASE NUMBER: 01-10030-002

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 84 months.

[x] The court makes the following recommendations to the Bureau of Prisons:

That Defendant be placed at FCI Oxford, Oxford, WI if possible; further recommended that defendand serve his sentence in a facility that will allow him to participate in the Comprehensive Drug Treatment Program and maximize his exposure to educational and vocational opportunities.

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
  [ ] at _____ [ ] a.m. [ ] p.m. on _____
  [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ] before on _____
  [ ] as notified by the United States Marshal.
  [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 8/01) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Maurice Love
CASE NUMBER: 01-10030-002

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>five (5) years.</u>

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 8/01) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

DEFENDANT: Maurice Love
CASE NUMBER: 01-10030-002

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation office, participate in a program for substance abuse treatment, including testing, to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation officer.
2. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon. 3. You shall participate in a program of job training or employment counseling as directed by the probation officer. 4. You shall obtain your GED certificate within the first 18 months of supervision, if not obtained during you term of incarceration.

AO 245B    (Rev. 8/01) Judgment in a Criminal Case
           Sheet 4 — Criminal Monetary Penalties

|                  |                   | Judgment — Page 5 of 6 |
|---|---|---|
| DEFENDANT:       | Maurice Love      |   |
| CASE NUMBER:     | 01-10030-002      |   |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00       | $        | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|   |   |   |   |

| TOTALS | $ | $ |
|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine and/or  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B  (Rev. 8/01) Judgment in a Criminal Case
Sheet 4A — Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT: Maurice Love | Judgment — Page 6 of 6 |
| CASE NUMBER: 01-10030-002 | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [X]  Lump sum payment of $ 100.00 due immediately, balance due

  [ ]    [ ] not later than _____, or
          [ ] in accordance with  [ ] C,  [ ] D, or  [ ] E below; or

B  [ ]  Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] E below); or

C  [ ]  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

  Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.